M’Girk, C. J.,
delivered the opinion of the Court.
Action on the case against endorser of a promissory note. The note on which the-action is founded, was given to Price by Thompson Douglass, and by Price endorsed to the Bank. The first question made is : is the immediate endorser Bable on failure of payment by tlie maker ? This question is settled by the decisions in the cases of Hunter v. Price, and Coalter v. Price, decided at this term. It is the opinion of this Court that there is no error in the record on the point above mentioned. The second point made in this cause is, that the Bank could not take a promissory note as indorsee, because it is said this privilege is not given by the act of incorporation. The first section of the act says that the President, Directors & Co. may have and hold, purchase, receive, possess, enjoy and retain lands, tenements, hereditaments, goods, chatties and effects, of what kind or nature soever. The sixth section says, the company shall not take, for discounting any bill or note, more than six per centum per annum on the amount due on such hill or note. The fourteenth section contains a restriction on the general power supposed to be given by the first section. This restraining section says, the Bank shall not directly nor indirectly he concerned in trade, nor the purchase or sale of any goods, wares or merchandise whatever, except bills of exchange and bullion, &c. Here, after the words "goods and chatties,” the word “ effects,” in the restraining part, is omitted. It is contended that a corporation is closely confined to its charter, and cannot regularly do any thing not authorised by the charter. This is true, and the question here is, whether the Bank can take a promissory note by endorsement? This Court is of opinion that the word “ effects ” in the first section is large enough, and does comprehend a promissory note; and it is manifest, from the sixth section, the Legislature thought so, or why would they have restrained them from taking more than six per cent, for discounting a note.
We think the restraining part of the fourteenth section does not restrain the dealing in a note, although it appears the Legislature thought, in the fomteenth section, under the words “ goods and chatties,” they had went too far; therefore they saved from the restraint bills of exchange. However, this only proves the Legislature were mistaken as to the effect of the words used; thus it is evident that the word “ effects,” in the first section, is not at all impaired by the fomteenth section. There is no error in this point.
Let the judgment be affirmed with costs.